## Lessee of William Cook *against* Andrew Eppele.

In ejectment for lands on Pine creek, under the act of assembly of 21st December 1784, it is indispensibly necessary to shew in evidence that the lessor of the plaintiff had paid or tendered the consideration thereof to the receiver general, on or before the 1st November 1785.

THIS case came before the court on a point reserved at the trial in Northumberland county on the 9th May 1793, before Shippen and Bradford Justices, whether to support an eject-ment for lands on Pine creek, under the act of assembly passed 21st December 1784, it was not indispensibly necessary to shew, that the lessor of the plaintiff had paid or tendered the consideration thereof to the receiver general of the land office, on or before the first day of November 1785?

The facts which occurred on the trial were as follow:

The plaintiff produced in evidence a certificate from David Kennedy, secretary of the land office, under his seal of office, in *hæc verba*.

*Philada. 4th August 1785.  [*325

SIR,

Colonel Cook hath applied for a warrant for the tract of land in right of an improvement of one William Reed; but as it was known that you claim the same land by purchase from Reed, the granting of the warrant is postponed until the 20th day of September next, at which time the several pretensions of you and Mr. Cook will be heard by the board of property.

DAVID KENNEDY, Sec. Ld. Off.

To major Thomas Robinson.

And also a deposition of the said David Kennedy, agree-ably to a rule of court, that on or about the 20th of Septem-ber 1785, the papers of colonel William Cook and major Thomas Robinson, relating to their claim to lands, including and near Youngwomanstown, in the county of Northumber-land, were laid before John Dickinson, esquire, (who was then president of the Supreme Executive Council,) a member of council and the land officers, on which a warrant was allowed to be issued to the said Thomas Robinson, and on the 14th October 1785, it appears by the record of the pre-emption warrant, the same was issued.

It was thereupon agreed, that a nonsuit should be entered, reserving the point, whether this application and entry in the records of the land office, and the subsequent proceedings of the board of property thereon, and the deposition afore-said would not entitle the plaintiff to support an action of ejectment for the lands mentioned in the said entry and de-position.

No other proceedings appear on the records of the land of-fice, touching the claim of Cook under Reed, but Cook ap-

[Cook's Lessee *v.* Eppele.]

pears to have taken a warrant under a supposed right of one Fleming, four days after the date of Robinson's warrant, for the same land, and entered a *caveat* against Robinson, and on the day appointed by the board of property, wrote a letter to the board, requesting a postponement to a future time mentioned in said letter; but on that day Cook did not appear, and a patent was then ordered to Robinson on his warrant in right of Reed. Cook at the trial did not offer this warrant, nor any other evidence than as above stated.

Mr. Tilghman for the plaintiff now contended, that it must be presumed from the circumstances of the case, that a payment or tender was made, or at least, that the tender of the consideration money was waved by the board of property. The officers of the land office ought to have insisted on the payment or tender of the purchase money, before they admitted the plaintiff's *claim; but by their "admission *326] of the claim," they dispense with the tender, and put him precisely in the same state as if a tender had been made.

But by the court. It was certainly admitted at the trial, that no payment or tender of the purchase money had been made, otherwise that question of fact would have gone to the jury for their decision. The words of the act of assembly of 21st December 1784, (2 Dall. edit. 235,) are express and decided, that the consideration money should be tendered to the receiver general on or before the 1st November 1785. From this source and his settlement arises the plaintiff's right of entry, and it was incumbent on him to make proof thereof at the trial; his failing to do it was a proper ground of nonsuit, which must be affirmed.